IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DANIEL D. SOTO,**

    **Plaintiff,**

vs.                                                                           CIV 10-43 WJ/ACT

**VILLAGE OF MILAN**
**POLICE DEPARTMENT, et al.,**

    **Defendants.**

### COUNTY DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Board of County Commissioners of Cibola County, by and through its counsel, Slease & Martinez, P.A. respectfully answers the Plaintiff's "Complaint Pursuant to 42 U.S.C. Section 1983 for Deprivation of Civil Rights under Color of State Law and Assault, Battery and Negligent Supervision and Retention, Negligence and Personal Injury" (hereafter the "Plaintiff's Complaint") as follows:

### ANSWER TO JURISDICTION, VENUE AND PARTIES

1. In response to the allegations contained in paragraphs 1 and 2 of the Plaintiff's Complaint, the Defendant admits that the Plaintiff has set forth the basis upon which he seeks to establish jurisdiction and venue in this Court, but the Defendant denies violating any constitutional or statutory provisions and denies liability to the Plaintiff.

2. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 3, 4, 5, 6 and 7 of Plaintiff's Complaint and, therefore, denies same.

3. The Defendant denies the allegations contained in Count 8 of the Plaintiff's

Complaint.

4. The allegations contained in paragraphs 9 and 10 of Plaintiff's Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## ANSWER TO FACTS RELEVANT TO ALL COUNTS

The Defendant incorporates and adopts by reference all of the Defendant's admissions and denials, as stated above, as though fully set forth herein.

5. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 13, 14, 15, 16, 17 and 18 of Plaintiff's Complaint and, therefore, denies same.

6. With respect to the allegations contained in paragraph 19 of the Plaintiff's Complaint, the Defendant states that the Plaintiff was brought to the County's detention facility on November 10, 2008. The Defendant denies the remaining allegations contained in paragraph 19 of the Plaintiff's Complaint.

7. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies same.

8. The Defendant denies the allegations contained in paragraph 21, 22, 23 and 24 of the Plaintiff's Complaint.

9. With respect to the allegations contained in paragraph 25 of the Plaintiff's Complaint, the Defendant admits that detainees at the County's detention facility were treated by medical providers. The remaining allegations contained in paragraph 25 of the Plaintiff's Complaint call for legal conclusions which require no response from the Defendant.

10. The Defendant denies the allegations contained in paragraphs 26 and 27 of the Plaintiff's Complaint.

11. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, denies same.

12. With respect to the allegations contained in paragraph 29 of the Plaintiff's Complaint, the Defendant states that the Plaintiff was transported to the hospital as a result of his complaints of shoulder pain. The Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, denies same.

13. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 30 and 31 of Plaintiff's Complaint and, therefore, denies same.

14. The Defendant denies the allegations contained in paragraph 32 of the Plaintiff's Complaint.

15. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 33, 34, 35 and 36 of Plaintiff's Complaint and, therefore, denies same.

16. The Defendant denies the allegations contained in paragraph 37 of the Plaintiff's Complaint.    17. The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 38, 39 and 40 of Plaintiff's Complaint and, therefore, denies same.

18. The Defendant denies the allegations contained in paragraph 41 of the Plaintiff's

Complaint.

19.  With respect to the allegations contained in paragraph 42 of the Plaintiff's Complaint, the Defendant states that the Plaintiff was incarcerated for the dates indicated in the Plaintiff's inmate file and he was he was released for the reasons indicated therein.  These documents speak for themselves. Any allegations made by Plaintiff which are contrary to this information are denied.

20.  The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, denies same.

21.  The Defendant denies the allegations contained in paragraph 44 of the Plaintiff's Complaint.

22.  The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 45 and 46 of Plaintiff's Complaint and, therefore, denies same.

23.  The Defendant denies the allegations contained in paragraphs 47, 48, 49, 50, 51, 52, 53 and 54 of the Plaintiff's Complaint.

### ANSWER TO COUNT I

The Defendant incorporates and adopts by reference all of the Defendant's admissions and denials, as stated above, as though fully set forth herein.

24.  The Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 55, 56, 57, 58 and 59 (and all of its sub-parts) of Plaintiff's Complaint and, therefore, denies same.

### ANSWER TO COUNT II

The Defendant incorporates and adopts by reference all of the Defendant's admissions and denials, as stated above, as though fully set forth herein.

25.  The allegations contained in paragraphs 60 and 61 of Plaintiff's Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies same.

26.  The Defendant denies the allegations contained in paragraphs 62, 63 and 64 (and all of its sub-parts) of the Plaintiff's Complaint.

27.  Counts III, IV and V of the Plaintiff's Complaint have ben dismissed pursuant to the Court's Order of August 3, 2010. *See Docket No. 36*.  Therefore, no response to Counts III, IV and V of the Plaintiff's Complaint is required.

## JURY DEMAND

The Defendant hereby demand a trial by jury of all claims so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to states a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff was required to but failed to comply with the terms of the Prison Litigation Reform Act.

### THIRD AFFIRMATIVE DEFENSE

At all times, the Defendant acted in good faith, reasonably, with justification, without malice, for legitimate penological reasons, without malice, without knowledge of any serious risk

to the Plaintiff, without deliberate indifference to Plaintiff's rights and none of the Defendant's actions shock the conscience.

## FOURTH AFFIRMATIVE DEFENSE

The acts or omissions of persons other than the Defendant constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The Defendant's purported actions and alleged omissions do not rise to the level of any statutory or constitutional deprivation, nor do they constitute a pattern of unconstitutional acts which would subject it to liability.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including punitive damages, attorneys' fees and other relief sought, are barred or limited, in whole or in part, by law.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole on in part, to the extent that Plaintiff was required and failed to seek, follow or exhaust any applicable administrative or statutory remedies or requirements.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges that the Defendant was at fault under any theory, which is denied, Plaintiff and/or other third persons were at fault, thereby barring or reducing Plaintiff's recovery from the Defendant under the principles of comparative fault.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff alleges any damage against Defendant, which Defendant denies, any such alleged damages are barred are reduced to the extent that the Plaintiff was required but failed to mitigate such damages.

**TENTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to rely upon such other defenses as may become known or available during discovery proceedings in this case and hereby reserves the right to amend its answer to include such defenses.

Respectfully Submitted:

SLEASE & MARTINEZ, P.A.

By: *Electronically filed August 23, 2010*
　　　WILLIAM D. SLEASE
　　　JONLYN M. MARTINEZ
　　　Attorneys for the Defendant
　　　P.O. Box 1805
　　　Albuquerque, NM 87103-1805
　　　(505) 247-9488

I hereby certify that a true and correct copy of
this document was served to the following
by CM/ECF system on August 23, 2010:

　　　　　　/s/
_____