## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL D. SOTO,

      Plaintiff,

  vs.                                                      Civil No. 10-0043 WJ/ACT

VILLAGE OF MILAN POLICE DEPARTMENT,
OFFICER SHANE HARGER and OFFICER LEE
EATON, personally and in their official capacities
as police officers employed by the
VILLAGE OF MILAN POLICE DEPARTMENT,
the CITY OF GRANTS POLICE DEPARTMENT,
OFFICER JASON FANK and OFFICER
JESSI NIETO, personally and in their official
capacities as police officers employed
by the CITY OF GRANTS POLICE DEPARTMENT,
CORRECTIONS CORPORATION OF AMERICA,
d/b/a CIBOLA COUNTY DETENTION CENTER,
UNKNOWN CORRECTIONS OFFICERS AND
EMPLOYEES employed by the CIBOLA COUNTY
DETENTION CENTER, and the BOARD OF COUNTY
COMMISSIONERS OF CIBOLA COUNTY,

      Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALLOW SERVICE BY PUBLICATION AND CERTIFIED MAIL WITHOUT PREJUDICE and ALLOWING PLAINTIFF TO RENEW MOTION ON OR BEFORE SEPTEMBER 27, 2010

THIS MATTER comes before the Court upon Plaintiff's Motion to Allow Service by Publication and Certified Mail, filed August 9, 2010 **(Doc. 37)**. Responses to the motion have been filed by Defendants Lee Eaton, the Village of Milan Police Department (Doc. 39), the City of Grants, Jason Fank and Jessie Nieto (Doc. 41). Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken in part only, and for that reason the

motion will be denied without prejudice. The Court will also allow Plaintiff to renew the motion within a certain period of time, after which, the motion will be denied in its entirety with prejudice.

**Background**

This motion comes about as a result of Plaintiff's unsuccessful efforts to serve Shane Harger, one of the named Defendants in this lawsuit. Plaintiff filed the complaint in this action on January 15, 2010. Under Fed.R.Civ. P. 4(m), Plaintiff had 120 days to serve Defendants, making the final date for service May 15, 2010. Plaintiff's counsel states that he requested and received a 30-day extension for service of the remaining Defendants until June 21, 2010.

Defendant Harger was employed as a law enforcement officer with the Village of Milan Police Department. At the end of his probationary period with his employer, the Village of Milan ("the Village"), Defendant Harger was not offered full-time employment. The Village is not aware of Defendant Harger's whereabouts. Plaintiff's attempted service on Mr. Harger in Milan, New Mexico has failed. Counsel has discovered that Defendant Harger moved from the State of New Mexico and there is some reason to believe that Mr. Harger may be in Louisiana. *See* Mot., Doc. 37-1 and 37-2 (Affidavits of Vigil and Schobey). Plaintiff now seeks a further extension of 45 days in which to locate and effect service upon Defendant Harger, this time by publication and First Class mail, pursuant to the rules of service under New Mexico state law, NMRA 01-004(J), (K) and (L). All other Defendants in this case have been served.

**Discussion**

Rule 4(e) of the Federal Rules of Civil Procedure provides alternative methods of service if the individual is located in the United States. Services of process may be effected by: (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy

of the summons and complaint at the individual's residence "or usual place of abode" with someone "of suitable age and discretion who resides there;" or (c) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive same. Fed.R.Civ.P. 4(e)(2).  Service of process may also be effected in accordance with the law of the state where the district court is located (i.e., where the suit is filed) or the law of the state where service of process is to be made.  *See* Fed.R.Civ.P. 4(e)(1).

In this case, service according to state law would potentially involve service of process rules governing New Mexico state district courts and Louisiana district courts.  The rule governing service of process on individuals applicable to New Mexico is found at NMRA 1-004(F), which sets out sequential methods of service.  Under NMRA 01-004(J), service by publication is allowed upon a showing by affidavit that "service cannot reasonably be made. . . ."  In such cases, the Court may order service "by any method or combination of methods, including publication, that is reasonably calculated . . . to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend."

**I.      Whether an Extension of Time is Warranted**

"The preliminary inquiry to be made under Rule 4(m), which sets out time limits for service, is whether the plaintiff has shown good cause for the failure to timely effect service." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995) (quoted in *Sanders v. Southwestern Bell Telephone, L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008)). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id*.

Good cause requires at least a showing of good faith and a reasonable basis, beyond the plaintiff's control, for failing to comply with the time specified for service under the federal

rules.  *See Lepone-Dempsey v. Carroll County Com'rs* 476 F.3d 1277, 1281 (11th Cir. 2007) (good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.").  Even where "good cause" is not shown, it is up to the Court's discretion whether to dismiss or permit a further extension.  *Id.* at 1282.  Even so, there are limits to the discretion courts will exercise, particularly when considering such factors as a statute of limitations bar, prejudice to the defendant and actual notice of a lawsuit.  *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Plaintiff has submitted affidavits attesting to multiple attempts to locate and serve Defendant Harger.  There is good cause to afford Plaintiff an extension of time in which to effect service.  The problem here, however, is that Plaintiff has not submitted adequate information for the Court to determine if service by publication is warranted.

## II.     Whether the Court Should Allow Service by Publication

Defendants oppose Plaintiff's request to effect service on Defendant Harger by publication.  Defendants contend that Plaintiff has provided no specific factual information regarding what steps were taken to serve him in accordance with any of the provisions in NMRA 1-004(E) and (F) and that there is no evidence that Defendant Harger is attempting to evade service such that the exceptional method of service by publication should be allowed.

Some of Defendants' arguments are specious.  For example, the fact that Plaintiff has not provided Defendant Harger's exact whereabouts is of no consequence; if this information were known, Plaintiff would not be asking for service by publication.  Plaintiff intends to publish in newspapers of general circulation in those areas of New Mexico and Louisiana where Mr. Harger was previously known to reside, or has family members residing.  Also, Plaintiff is correct that he need not show a degree of certainty that Defendant Harger is attempting to evade

service.  Plaintiff is not requesting service by publication on the ground that Defendant Harger is attempting to evade service, nor does NMRA 1-004(J) require such a showing.

Defendants raise an issue regarding whether Plaintiff's efforts were carried out with due diligence sufficient to merit service by publication.  Plaintiff contends that there is no requirement that "every conceivable other means of service bet attempted before service by publication is permitted."  Reply at 3.  While this is true, Plaintiff should still be held to attempt service by the mechanisms set out in NMRA 1-004(F).  *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (due diligence shown in attempt to serve process by carefully following the procedural steps outlined in the state's rule governing service).

It is clear to the Court that Plaintiff contacted process servers to go through the motions of service several times, made inquiries in New Mexico and Louisiana in order to determine Defendant Harger's whereabouts, and is having somewhat of a difficult time serving Defendant Harger.  However, there is no specific information about which specific methods of service were attempted under the hierarchy of mechanisms available under NMRA 1-004(F), and the Court should not have the burden of connecting the dots based on the statements provided in the affidavits.  Further, the rule providing for service by publication expressly requires that "[a] copy of the proposed notice to be published shall be attached to the motion."  NMRA 1-004(K).  There is no such attachment to the instant motion.

The Court agrees with Plaintiff that the keystone inquiry is "reasonableness."  However, even this inquiry must be viewed in its proper context.  Under NMRA 1-004(J), the Court may allow service by other methods, including publication, upon a "showing by affidavit that service cannot reasonably be made as provided *by this rule*. . . ." (emphasis added).  I find that this rule assumes that service is attempted through the hierarchy of mechanisms set out under NMRA 1-

004(F), and requires that a party requesting service by unconventional methods demonstrate that this hierarchy was followed in detail, although the attempts were unsuccessful. *Cmp. Martinez v. Segovia*, 133 N.M. 240, 62 P.3d 331 (N.M.App.2002) (attorney for deceased motorist served summons and complaint in personal injury case with "reasonable diligence," where attorney employed two process servers beginning within a month of filing of complaint, several service attempts were made over course of several months, and attempt was made to search voter records to find defendants' address).

Plaintiff argues that he is not required to attempt service using every single other mechanism provided for under the rules in both New Mexico and Louisiana before he is entitled to ask the Court for permission to serve by publication. This is a correct observation, but it does not accurately represent Defendants' objections to Plaintiff's request. Defendants note that the service of process rules under the Louisiana Code of Civil Procedure do not provide for service by publication. *See* La Code Civ.P.Ann.Art 1231. However, there is no need to follow the rules of civil procedure governing service State of Louisiana's rules of service, since Fed.R.Civ.P. 4(e)(1) allows service to be made pursuant to the law of New Mexico as the state "where the district court is located."

## Conclusion

Plaintiff's efforts have been diligent enough to be afforded more time in which to serve Defendant Harger, but the information provided in the motion falls short of what the Court feels must be shown in order to allow service by publication. The deficiency may be corrected by following the procedural mandates of NMRA 1-004(K), and providing more detailed affidavits describing what mechanisms of service were attempted under NMRA 1-004(F), in order for the Court to determine whether service cannot reasonably be made under the New Mexico rules

governing service.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Allow Service by Publication and Certified Mail **(Doc. 37)**, is hereby DENIED WITHOUT PREJUDICE.  Plaintiff may renew the motion on or before Monday, October 4, 2010, consistent with the findings made in this Memorandum Opinion and Order.  In the event Plaintiff does not renew the motion by that date, the Court will deny the instant motion with prejudice.

_____
UNITED STATES DISTRICT JUDGE